UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| REGINALD DOSS, | ) |
|               Petitioner, | ) |
| v. | ) Case No. 1:16-cv-00326-JMS-MPB |
| SUPERINTENDENT Pendleton Correctional Facility, | ) |
|               Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus and Directing Entry of Final Judgment**

The petition of Reginald Doss for a writ of habeas corpus challenges a prison disciplinary conviction for attempted assault on staff with bodily fluid (A-111/A-117) identified as STP 15-10-0029. For the reasons explained in this Entry, Mr. Doss's habeas petition must be **denied**.

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

**B.     The Disciplinary Proceeding**

On October 8, 2015, Ofc. M. Truex wrote a Report of Conduct charging Mr. Doss with attempting to assault staff with bodily fluid, offense A-111/A-117. The conduct report states:

> On 10/8/2015 at approx. 2:15 PM I, Officer Truex stopped offender Doss, Reginald DOC # 249558 because he was not correctly dressed. Offender Doss refused to stop. Sgt. M. Harrison intervened and again ordered offender Doss to correct his jumpsuit that was hanging from his waist. Offender Doss then gathered spit into his mouth stepping towards myself, in an attempt to spit on me, at that instance, Sgt. Burrow and Sgt. Truex arrived and placed offender Doss into restraints and escorted offender Doss to medical before offender Doss could spit on me.

(Dkt. 9-1, Ex. A).

On October 29, 2015, Mr. Doss was notified of the charge of attempted assault with bodily fluids (A-111/A-117) and served with a copy of the conduct report and the screening report. Mr. Doss was notified of his rights and pleaded not guilty. He requested a lay advocate. Mr. Doss did not request any witnesses or physical evidence (Dkt. 9-2, Ex. B).

On November 4, 2015, a disciplinary hearing was held in case STP 15-10-0029. Mr. Doss pleaded not guilty and provided the following statement:

> I got assaulted by staff down there. They told me that to get transferred out I needed to level up. They kept trying to provoke me but I didn't try to spit. Truax [sic] said hit me so I could get shipped.

(Dkt. 9-4, Ex. C). The disciplinary hearing officer ("DHO") found Mr. Doss guilty of attempted assault with bodily fluid. In making this determination, the DHO considered staff reports, the statement of the offender, and evidence from witnesses (Dkt. 9-1, Ex. A, Dkt. 9-4, Ex. C; Dkt. 9-11, Sealed Ex. H). The DHO also stated: "DHB finds guilty due to report, statement and evidence." (Dkt. 9-4, Ex. C). Due to the seriousness of the offense, the offender's attitude and demeanor during the hearing, and the likelihood of the sanction having a corrective effect on offender's future behavior, the

hearing officer imposed the following sanctions: a written reprimand, 90 days' change in work/housing, 60 days' disciplinary segregation, 30 days' lost phone privileges, 90 days' lost earned credit time (ECT), and a demotion from credit class one to credit class two. *Id*.

Mr. Doss appealed to the Facility Head and then to the Final Reviewing Authority, but both appeals were denied. He then filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### C. Analysis

Mr. Doss raises a two claims in his habeas petition. First, he argues there was insufficient evidence to find him guilty of attempted assault with bodily fluid. Second, Mr. Doss argues that he was denied his request for a lay advocate. In response to these arguments, the respondent contends that there was sufficient evidence to support the guilty finding and that Mr. Doss procedurally defaulted his claim for a lay advocate by not raising it during the administrative process and, in any event, the claim lacks merit. Mr. Doss did not file a reply.

First, Mr. Doss argues that the DHO did not review the conduct report which violated his right to present evidence. Had the conduct report been reviewed, he argues, the DHO would have known there was insufficient evidence to find him guilty. Specifically, the conduct report reflects that Mr. Doss did not actually spit on the officer; instead he gathered spit in his mouth and turned in the direction of the officer but was restrained prior to the spit leaving his mouth. According to Mr. Doss, "attempt would be spit exiting my mouth and missing my target." Dkt. 2 at 4.

Mr. Doss's claim that his due process right to present evidence was violated is not supported by the facts or the law. First, Mr. Doss did not request any evidence. Second, the DHO did consider the conduct report and Sgt. Harrison's witness statement which was consistent with

the conduct report. The DHO chose to accept as true the officers' statements that Mr. Doss tried to spit on Officer Truex.

Finally, Mr. Doss's allegation that the DHO overlooked the evidence regarding the officer's statement is a claim that there was not enough evidence to support the conviction because the use of bodily fluid/spit was never used. Unfortunately for Mr. Doss, however, there was sufficient evidence to support the disciplinary conviction. All that is required is "some evidence in the record" to support the finding of guilt. The "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). A rational adjudicator could readily conclude from the content and surrounding circumstances of the conduct report and witness statement that Mr. Doss attempted to spit on the officer. *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the . . . [conduct board's] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented"), *cert. denied*, 115 S. Ct. 314 (1994); *see also Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board."). A conduct report alone may provide "some evidence" of guilt, notwithstanding its brevity or the presence of conflicting evidence, as long as the reporting officer describes the violation in sufficient detail. *McPherson*, 188 F.3d at 786.

Offense A-111, is defined as: "Attempting or conspiring or aiding and abetting with another to commit any Class A offense." (Dkt. 9-10, Ex. G at 2). And offense A-117, assault on staff, is defined as: "Committing battery/assault upon any staff person, including contractors and

volunteers, which results in bodily injury or serious bodily injury (including the throwing of bodily fluids or waste on a staff person)." (Ex. G at 3).

The conduct report states that Ofc. Truex attempted to stop Mr. Doss because he was incorrectly dressed However, Mr. Doss ignored him. Sgt. Harrison then intervened and ordered Mr. Doss to correct his jumpsuit. Mr. Doss then gathered spit in his mouth and moved toward Ofc. Truex in an attempt to spit on him. However, two other officers arrived and intervened before Doss could spit on Truex. This is sufficient evidence that Doss was trying to spit on Officer Truex, and two officers intervened before Doss could actually spit at Officer Truex. Furthermore, there is no requirement that an attempt requires an offender to carry out the action and fail, in order to be found guilty of attempt. No relief is warranted on this basis.

Mr. Doss's second ground for relief is that he was denied a lay advocate. The respondent is correct that Mr. Doss procedurally defaulted his claim regarding the denial of a lay advocate. To succeed on a petition for a writ of habeas corpus, a petitioner must first "exhaust[] the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "Indiana does not provide judicial review of decisions by prison administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies." *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[W]hen the habeas petitioner has failed to fairly present to the state courts the claim on which he seeks relief in federal court and the opportunity to raise that claim in state court has passed, the petitioner has procedurally defaulted that claim." *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004).

Mr. Doss admits in his habeas petition that he did not include his lay-advocate claim in his administrative appeals. Accordingly, because Mr. Doss has not shown or even argued that there

5

is a basis to overcome his procedural default, he has procedurally defaulted his claim. *See Perruquet*, 390 F.3d at 514.

Even if Mr. Doss had not procedurally defaulted this claim, he has not shown that the alleged denial of a lay advocate resulted in the denial of due process. A prisoner in a disciplinary proceeding has no right to a lay advocate unless the inmate is illiterate or the complexity of the issue makes it unlikely that the inmate will be able to collect and present evidence. *See Miller v. Duckworth*, 963 F.2d 1002, 1004 (7th. Cir. 1992) (citing *Wolff*, 418 U.S. at 571). Mr. Doss does not argue that either of those circumstances are present, and the record reflects that neither are. Accordingly, Mr. Doss has not shown a violation of his due process rights with regard to the alleged denial of a lay advocate. Further the denial of a lay advocate, is not as Mr. Doss suggests, evidence that the DHO was not impartial.

For all of these reasons, Mr. Doss is not entitled to habeas relief.

**D.    Conclusion**

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Doss to the relief he seeks. Accordingly, Mr. Doss's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 5/8/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

REGINALD DOSS
249558
MIAMI - CF
MIAMI CORRECTIONAL FACILITY
Inmate Mail/Parcels
3038 West 850 South
BUNKER HILL, IN 46914

Electronically Registered Counsel